ELVIRA REALTY CO., INC., Appellant, *v.* HERBERT BRACE-GIRDLE et al., Respondents.

(Supreme Court, Appellate Term, First Department, February
. Term — filed April, 1921.)

Landlord and tenant — apartment houses — different rentals for similar apartments in same building — a tenant is not entitled to a reduction in his rent below the reasonable value of his apartment because other tenants voluntarily pay sufficiently high rents to produce a fair return upon the whole property — a landlord still has the right to accept from a tenant, willing to pay, the rent demanded.

Notwithstanding the recent legislative enactments, a landlord still has the right to accept from a tenant, who is willing to ·pay, the rent demanded for premises in the city of New York.

The landlord of an apartment house in the city of New York may reasonably, in proper circumstances, enter into agreements of lease with various tenants at different rentals for similar apartments in the same house, and all the leases are enforceable unless any particular tenant can show that he is actually injured by the landlord's use of his property, and has been compelled to enter into a lease which by the terms thereof is oppressive and unreasonable, and the mere fact that the landlord is receiving from certain of the tenants a rent sufficiently high to afford him an adequate return upon his capital investment, does not entitle the other tenants to a reduction below the amount at which similar apartments in the neighborhood are leased and below the rate which, if generally applied throughout the house, would afford the landlord a fair return on the whole property.

Where such a landlord does not obtain more than a reasonable return upon his investment as a whole but having acted reasonably in fixing the widely varying rents for the various tenants, has compelled no tenant to enter into a lease which is oppressive or unreasonable, the tenant paying the higher rent has suffered no injury for which the legislature has attempted to provide a remedy.

Even though the court might consider the rent reserved in some of the leases unreasonable, only the tenant who pays the same is aggrieved, and no other tenant can compel the landlord to allow him to remain at a lower rental than would otherwise be reasonable, merely because the landlord will obtain a fair return upon his whole investment through the higher rents paid by other tenants.

Where in an action for rent the court upon evidence as to the value and maintenance of plaintiff's apartment house and the rents received therefrom, refuses to permit the landlord to raise the rent of defendants in spite of the fact that the evidence showed that all other tenants in the building are paying the same rent for similar apartments, as the landlord has demanded and seeks to recover of defendants, and that such rental is not higher than the prevailing rate for apartments of the same class in that neighborhood, and there is no evidence from which an inference may be drawn that the rent fixed by the trial justice is fair and reasonable, a judgment in favor of defendant will be reversed and a new trial ordered.

APPEAL by the plaintiff from a judgment of the Municipal Court of the city of New York, borough of

Manhattan, fourth district, entered in favor of the defendants.

Morris J. Bricker, for appellant.

No appearance for respondents.

LEHMAN, J.  In the present case the trial justice has taken testimony as to the value of the apartment house owned by the plaintiff, the expenses of maintaining the apartment house and the rental received therefrom.  Based upon this testimony he has decided that the landlord is receiving an adequate return upon its investment and has refused to permit the landlord to raise the rent of these defendants in spite of the fact that the evidence shows that all the other tenants in the building are paying the same rent for similar apartments as the landlord has demanded and seeks to recover from these defendants, and that such rental is not higher than the rate prevailing for apartments of the same class in that neighborhood.  Under the law the landlord is entitled to recover a fair and reasonable rent for the premises and there is no evidence in the case from which we can infer that the rent fixed by the trial justice is fair and reasonable.  It is evident that the landlord could rent these premises to other tenants at a higher rate, and if its entire building were rented at the same rate as the trial justice has fixed in this case the landlord would receive no adequate return upon its investment.

The legislature has not forbidden landlords and tenants from making their own agreements but it has merely sought to provide protection to the tenant against demands for rentals which are unreasonable and oppressive.  A landlord still has the right if he finds a tenant willing to pay him the rent demanded, to accept the rent which such tenant is willing to pay.

Appellate Term, First Department, April, 1921.    [Vol. 115.

The mere fact that the landlord is receiving from certain tenants a rent sufficiently high to afford him an adequate return upon his capital investment does not entitle the other tenants in the house to a reduction below the amount at which similar apartments in the same neighborhood are leased and below the rate which, if generally applied throughout the apartment house, would afford the landlord a fair return on the whole property. A landlord may reasonably under proper circumstances enter into agreements of lease with various tenants at different rentals for similar apartments in the same house and all these leases are enforceable in accordance with their terms unless any particular tenant can show that he is actually injured by the landlord's use of his property and has been compelled to enter into a lease which is actually oppressive and unreasonable in its terms. Where a landlord does not obtain more than a reasonable return upon his investment taken as a whole, and has acted reasonably in fixing the rates for the various tenants and in spite of more or less widely varying rates has compelled no tenant to enter into a lease which is actually oppressive or unreasonable, the tenant paying the higher rent has suffered no injury for which the legislature has attempted to provide a remedy, and on the other hand even though some of the leases may be at rates which the court could properly consider unreasonable, only the tenant who pays these rates is aggrieved thereby and no other tenant in the same premises can compel the landlord to allow him to remain at a lower rental than would otherwise be reasonable merely because the landlord will obtain a fair return upon his whole investment through the higher rates paid by other tenants. The landlord is not compelled to allow any tenant to remain in the premises unless such tenant is ready to pay the land-

lord either the rental which he has agreed to pay or a rental which is reasonable, and no rental can be considered as reasonable which is less than the amount which would be fixed by ordinary competition and in addition is less than would afford the landlord a fair return upon his investment if applied to all the apartments in the same house.

Judgment should, therefore, be reversed, with ten dollars costs, and a new trial ordered, with costs to appellant to abide the event.

MULLAN and BURR, JJ., concur.

Judgment reversed, with ten dollars costs, and new trial ordered, with costs to appellants to abide event.